UNITED STATES of America, Plaintiff–Appellee,

v.

Jeremiah Clay PRESTON, Defendant–Appellant.

No. 15–30020.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 31, 2015.*

Filed Sept. 9, 2015.

Joseph E. Thaggard, Assistant U.S., USHE–Office of the U.S. Attorney, Helena, MT, Jessica Anne Betley, Assistant U.S., USGF–Office of the U.S. Attorney, Great Falls, MT, Leif Johnson, Assistant U.S., Ryan George Weldon, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Robert Henry Branom, Jr., Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, GOULD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Jeremiah Clay Preston appeals from the district court's order denying his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *United States v. Trujillo*, 713 F.3d 1003, 1008 n. 3 (9th Cir. 2013). We vacate and remand.

Preston moved for a reduction of sentence because his sentence was above the amended Sentencing Guidelines range, presenting nonfrivolous arguments based on the factors set forth in 18 U.S.C. § 3553(a). Because the district court failed to explain its reasons for rejecting Preston's arguments, we vacate the order and remand for further proceedings. *See* 18 U.S.C. § 3582(c)(2) (the district court may "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"); *Trujillo*, 713 F.3d at 1009 ("The district court's duty to consider the § 3553(a) factors necessarily entails a duty to provide a sufficient explanation of the sentencing decision to permit meaningful appellate review."); *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.2008) (en banc) ("[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor ..., then the judge should normally explain why he accepts or rejects the party's position.").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**